UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ELAINE EVANCHO,

     Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

     Defendant.

_____ )

## COMPLAINT

     The Plaintiff, ELAINE EVANCHO ("EVANCHO"), by and through her undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1.   This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. EVANCHO brings this action to recover short-term disability ("STD") and long-term disability ("LTD") benefits due to her under the terms of employee welfare benefit plans, to enforce her rights under the plans and to clarify her rights to benefits under the terms of plans.

2.   EVANCHO was at all times relevant a citizen of the United States of America and in all

respects sui juris.

3.     PRUDENTIAL is a corporation with its principal place of business in the State of New
       Jersey, authorized to transact and is transacting business in the Southern District of
       Florida and can be found in the Southern District of Florida.

4.     Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant,
       PRUDENTIAL, is authorized to and is doing business within the Southern District of
       Florida.

## FACTUAL ALLEGATIONS

5.     This case arises out of the purposeful, unwarranted and unlawful denial of disability
       benefits to EVANCHO by PRUDENTIAL.

6.     EVANCHO was at all times material an employee of NAVY FEDERAL CREDIT
       UNION ("NAVY").

7.     EVANCHO was at all times material a plan participant under the NAVY FEDERAL
       CREDIT UNION Short Term Disability Plan, Program Number 49008 (the "STD Plan"),
       which is established by NAVY and pursuant to which EVANCHO is entitled to benefits
       for the short term disability period.  A true and correct copy is attached as Exhibit A.

8.     EVANCHO was at all time material a plan participant under the NAVY FEDERAL
       CREDIT UNION Long Term Disability Plan, Group Contract Number G-49008-VA (the
       "LTD Plan"), which is established by NAVY and pursuant to which EVANCHO is
       entitled to benefits for the long term disability period.  A true and correct copy is attached
       as Exhibit B.

9.     The STD Plan and LTD Plan are employee welfare benefit plans within the meaning of
       Title 29, USC § 1002 and regulated by ERISA.

2

10.   PRUDENTIAL is the insurer of benefits under the STD and LTD Plans and was appointed by NAVY, the Plans' Administrators, as the named fiduciary for deciding claims for benefits under the STD and LTD Plans, and for deciding any appeals of denied claims.

11.   As the decision maker and payor of plan benefits, PRUDENTIAL administered the claims with a conflict of interest and the bias this created affected the claims determination.  As such, PRUDENTIAL is not entitled to a deferential standard of review.

12.   PRUDENTIAL is the Fiduciary charged with making benefit determinations under the STD and LTD Plans, including the determinations made on EVANCHO'S claims at issue.

13.   Pursuant to the terms and conditions of the STD Plan, EVANCHO is entitled to STD benefits for the duration of her disability for so long as she remains disabled as required under the terms of the STD Plan or a maximum period of 11 weeks following an elimination period of 14 days

14.   According to the STD Plan,

### How Is Disability Defined?

During the *elimination period*, you are disabled when:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*;

- you are under the *regular care* of a *doctor*; and

- you are not working at any job.

After the elimination period, you are disabled when:

- you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and

- you are under the regular care of a doctor; and

- you have a 20% or more loss in *weekly earnings* due to the same sickness or injury.

15.   Pursuant to the terms and conditions of the LTD Plan, EVANCHO is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

16.   According to the LTD Plan,

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and

- you are under the *regular care* of a *doctor*; and

- you have a 20% or more loss in your *monthly earnings* due to that sickness or injury.

After 12 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

- you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience; and

- you are under the regular care of a doctor.

17.   At all relevant times, EVANCHO has complied with all conditions precedent and exhausted all required administrative remedies under the STD and LTD Plans.

18.   On or around June 13, 2011, EVANCHO became disabled under the terms of the STD and LTD Plans.

4

19.  On or around June 13, 2011, due to her disability, EVANCHO became unable to perform the material and substantial duties of her regular occupation.

20.  Since June 13, 2011, due to her disability, EVANCHO had a 20% or more loss in her weekly earnings as defined in the STD Plan.

21.  Since June 13, 2011, due to her disability, EVANCHO had a 20% or more loss in her monthly earnings as defined in the LTD Plan.

22.  At all relevant times, EVANCHO has been under the regular care of a doctor.

23.  At all relevant times, EVANCHO was a Covered Person under the STD Plan.

24.  At all relevant times, EVANCHO was a Covered Person under the LTD Plan.

25.  Shortly after becoming disabled under the terms of the plan, EVANCHO made a claim to PRUDENTIAL for disability benefits.

26.  In a letter dated July 13, 2011, PRUDENTIAL denied EVANCHO'S claim for STD benefits.

27.  EVANCHO properly and timely appealed PRUDENTIAL'S adverse determination.

28.  In a letter dated April 30, 2012 Prudential denied EVANCHO'S claim for LTD benefits.

29.  EVANCHO properly and timely appealed PRUDENTIAL'S adverse determination.

30.  In a letter dated February 22, 2013, Prudential upheld its decision to deny EVANCHO'S claim for STD benefits and informed EVANCHO that she had exhausted all required administrative levels of appeal.

31.  In a letter dated February 22, 2013, Prudential upheld its decision to deny EVANCHO'S claim for LTD benefits and informed EVANCHO that she had exhausted all required administrative levels of appeal.

32.  From June 13, 2011 to the present date, EVANCHO has not received benefits owed to

her under the STD and LTD Plans, despite EVANCHO'S right to these benefits.

33. PRUDENTIAL has refused to pay EVANCHO STD and LTD benefits since June 13, 2011.

34. At all relevant times, PRUDENTIAL was the payor of benefits.

35. At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the STD and LTD Plans.

36. At all relevant times, PRUDENTIAL was appointed by NAVY, the Plans' Administrator, as the named fiduciary for deciding claims for benefits under the STD and LTD Plans, and for deciding any appeals of denied claims.

37. At all relevant times, EVANCHO was Disabled and entitled to STD and LTD benefits from PRUDENTIAL under the terms of the STD and LTD Plans.

38. EVANCHO has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

39. EVANCHO incorporates Paragraphs 1 through 38 as if fully set forth herein.

40. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

41. Pursuant to 29 U.S.C. §1132(a)(1)(B), EVANCHO, as a participant under the STD and LTD Plans, is entitled to sue for judicial determination and enforcement of benefits.

42. EVANCHO has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of PRUDENTIAL'S failure to pay her disability benefits.

6

43.     EVANCHO has exhausted all administrative remedies under the STD and LTD Plans.

44.     Defendant breached the STD and LTD Plans and violated ERISA in the following

respects:

      (a)     Failing to pay STD and LTD benefit payments to EVANCHO at a time when PRUDENTIAL knew, or should have known, that EVANCHO was entitled to those benefits under the terms of the STD and LTD Plans, as EVANCHO was disabled and unable to work and therefore entitled to benefits.

      (b)     Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the STD and LTD Plan documents, in relation to the applicable facts and STD and LTD Plan provisions, for the termination of EVANCHO'S claims for STD and LTD benefits;

      (c)     After EVANCHO'S claims were terminated in whole or in part, PRUDENTIAL failed to adequately describe to EVANCHO any additional material or information necessary for EVANCHO to perfect her claims along with an explanation of why such material is or was necessary.

      (d)     PRUDENTIAL failed to properly and adequately investigate the merits of EVANCHO'S disability claims and failed to provide a full and fair review of EVANCHO'S claims.

45.     EVANCHO believes and thereon alleges that PRUDENTIAL wrongfully terminated her claims for disability benefits under the STD and LTD Plans by other acts or omissions of which EVANCHO is presently unaware, but which may be discovered in this future litigation and which EVANCHO will immediately make PRUDENTIAL aware of once

7

said acts or omissions are discovered by EVANCHO.

46.     Following the termination of benefits under the STD and LTD Plans, EVANCHO
        exhausted all administrative remedies required under ERISA, and EVANCHO has
        performed all duties and obligations on her part to be performed under the STD and LTD
        Plans.

47.     As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL,
        EVANCHO has damages for loss of disability benefits in a total sum to be shown at the
        time of trial.

48.     As a further direct and proximate result of this improper determination regarding
        EVANCHO'S claim for benefits, EVANCHO, in pursuing this action, has been required
        to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), EVANCHO is
        entitled to have such fees and costs paid by PRUDENTIAL.

49.     The wrongful conduct of PRUDENTIAL has created uncertainty where none should
        exist, therefore, EVANCHO is entitled to enforce her rights under the terms of the STD
        and LTD Plans and to clarify her right to future benefits under the terms of the STD and
        LTD Plans.

### REQUEST FOR RELIEF

        WHEREFORE, ELAINE EVANCHO prays for relief against THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA as follows:

1.      Payment of disability benefits due Plaintiff;

2.      An order declaring that Plaintiff is entitled to immediate reinstatement to the STD and
        LTD Plans, with all ancillary benefits to which she is entitled by virtue of her disability,

and that benefits are to continue to be paid under the STD and LTD Plans for so long as Plaintiff remains disabled under the terms of the Plans;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 1, 2013

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com